**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANDREW QUINN,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          Civil Action No.  22-cv-2522 (UNA)
                                       )
                                       )
DEPARTMENT OF JUSTICE                  )
*Civil Rights Division*,               )
                                       )
                    Defendant.         )

## <u>MEMORANDUM OPINION</u>

This action, brought *pro se*, is before the Court on review of Plaintiff's form Civil Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Fairfax, Virginia, sues the Department of Justice (DOJ).  He alleges that DOJ and the Department of Health and Human Services "continue to harass[ ]" him.  Compl. at 1.  Beyond that, the Complaint is simply incomprehensible.  Therefore, this case will be dismissed by separate order.

_____
JIA M. COBB
United States District Judge

Date: September 14, 2022